UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          CRIMINAL NO. 19-20501

v.                                                   HON. JUDITH E. LEVY

JOSHUA DEPRIEST,

    Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Joshua Depriest is an internet predator with a sexual interest in young boys, and he has repeatedly acted on it by reaching into the homes of vulnerable children and manipulating them into taking and sending him sexually explicit photos and videos. At the time of his arrest, Depriest confessed to soliciting explicit videos and photos of minor victim 1 (MV-1), as well as to soliciting and obtaining explicit videos and photos from 20 to 30 other boys, ages 8 to 9. Depriest also distributed child pornography to his trading partners on the internet. Depriest entered a plea of guilty to coercion and enticement of MV-1, a seven-year-old boy in Michigan. Depriest now faces a mandatory minimum sentence of ten years' imprisonment and a sentencing guideline range of 168 to

210 months' imprisonment. The government recommends a sentence of 168 months in prison.

I.  **Facts**

On October 6, 2018, the parent of minor victim 1 (MV-1) reported to the Taylor Police Department that a distant relative of hers, Joshua Depriest, wrote sexual, inappropriate messages to her seven-year-old son via Facebook Messenger. Depriest also sent nude images of adult males and requested nude images of MV-1. MV-1's mother reviewed the thread of the two chatting on Facebook and took screenshots of the exchange.

The messages included Depriest writing repeatedly to MV-1 to see pictures and videos of the boy's butt. Some of those messages follow.





The messages also included Depriest sending several disturbing pictures to MV-1, including a picture of an adult male's penis; a picture of an adult male's naked legs lifted in the air, exposing his anus and genitals; and an anime picture of two naked boys ejaculating. MV-1 wrote to Depriest in response, "I'm [MV-1] I'm a kid. I'm not allowed to se[e] that," and "stoppppppp[p]ppppp. Plz." MV-1 also responded, "no more saying buts . . . Plz no more."

Eventually, after Depriest repeatedly asking and indicating that he would video chat with MV-1, MV-1 sent several images to Depriest. Depriest also asked, "one thing I didn't ask you was to send me a pic of your penis.  If u want to." MV-1 refused to send a picture of his penis, but over the course of their communications, MV-1 sent three images of his unclothed buttocks to Depriest.

Taylor Police turned the case over to Homeland Security Investigations (HSI).  MV-1 was forensically interviewed, and he identified Depriest as the person who requested the explicit pictures.

HSI obtained a search warrant for Depriest's Facebook page.  Although Depriest had deleted the conversation with MV-1, the Facebook search warrant return contained a remnant of a group chat between Depriest, MV-1, and another person.  The return also contained many messages indicating that Depriest engaged in three different groups that traded child pornography depicting boys that were approximately eight years old to teenagers. As part of these groups, Depriest received and distributed child pornography images and videos. Additionally, the return revealed message exchanges between Depriest and several young boys.  And it showed that Depriest sent the same disturbing, pornographic images that he sent to MV-1 to many other people.

On December 20, 2018, Depriest was arrested in Hartford, Connecticut. Depriest confessed to soliciting the images from MV-1. Depriest estimated that 20-30 other boys, ages 8 or 9, sent him explicit videos or photos of themselves at Depriest's request. Depriest also confessed to the child pornography found in his Facebook account.

## II.  Procedural History

On February 15, 2019, Depriest made his initial appearance in the Eastern District of Michigan and consented to detention. (ECF No. 8; ECF No. 10).

On July 25, 2019, a grand jury returned a four-count indictment against Depriest charging him with production of child pornography, coercion and enticement of a minor, receipt of child pornography, and transfer of obscene material to a minor. (ECF No. 23).

On December 18, 2019, Depriest entered a plea of guilty to coercion and enticement of a minor pursuant to a Rule 11 plea agreement. (ECF No. 36). The more serious offense of production of child pornography (carrying a mandatory minimum fifteen-year penalty), as well as the other remaining charges, will be dismissed by the government pursuant to the terms of the Rule 11 plea agreement.

The parties calculated the same sentencing guideline range as the probation department did in the presentence investigation report (PSR), and all agree that the correct guideline range is 168-210 months with a mandatory minimum of ten years.

The parties had no objections to the PSR. This Court set the sentencing hearing for May 20, 2021 at 10:00 a.m.

### III. Sentencing Guidelines and Relevant 3553(a) Factors

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary" in each individual case. Those objectives and factors are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; and (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. The relevant sentencing factors are addressed in turn.

#### A. Nature and Circumstances of the Offense

Depriest repeatedly hunted for and preyed on very young boys on the internet. He has a sexual interest in prepubescent boys that he has acted on over and over again. Depriest himself told law enforcement that he asked for and obtained sexually explicit videos and photos from 20 to 30 boys, and that he guessed these children were eight to nine years old. Depriest has entered a plea of guilty to coercion and enticement of MV-1, admitting that he asked for images and videos of the boy's butt

and a picture of his penis. Depriest received images of MV-1's buttocks, and he admitted to receiving many more child pornography images and videos from his trading partners on Facebook. As part of several child pornography trading groups on Facebook, Depriest distributed child pornography images and videos multiple times.

Depriest repeatedly reached into the home of young boys to exploit them. MV-1 never left his home, and his mother likely believed him to be safe under her roof. Depriest's crimes shattered the sense of security his victims should have felt inside their own homes. The nature and circumstances of this offense call for a sentence of 168 months in prison.

  **B.** **History and Characteristics of the Defendant**

Depriest is an internet predator with a deviant sexual interest in young boys. He didn't just fantasize. He repeatedly acted on his sexual interest by manipulating many vulnerable children on the internet into sending him sexually explicit photos and videos. He has also distributed child pornography to his trading partners on the internet.

Depriest is a 32-year-old man who resided in a specialized foster home for disabled children in California for most of his life. More recently, he moved to Connecticut with his husband for work, and they lived in a homeless shelter and later in an apartment with a friend. It appears that Depriest does not have any source of

family support at this time. Although Depriest has completed some college-level courses and worked at Walmart at the time of his arrest, he has limited resources and job skills. As a student, he was diagnosed with mild mental retardation.

### C. The Basic Aims of Sentencing

Next, section 3553(a) calls for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, protect the public, and adequately deter others. The seriousness of the offense is described above.

Perhaps most important in this case are the needs for the sentence imposed to promote respect for the law and to provide just punishment. Depriest's exploitation of his vulnerable victims should be punished severely. And while even the mandatory minimum in this case is a significant sentence, a variance from the guidelines range down to the mandatory minimum would suggest that Depriest is among the least culpable offenders among those who commit the crime of online enticement. But he is not. The minimum mandatory should be reserved for those who commit less egregious iterations of this crime, including those whose victims are older (rather than 7 years of age) and those who had just one victim (rather than 20 to 30 victims). To promote respect for the law and provide just punishment, this Court should not sentence Depriest in the same manner as the least culpable online

enticers. Instead, Depriest should receive a sentence at the low-end of the guidelines range: 168 months in custody.

### D.     The Advisory Sentencing Guidelines

The applicable guidelines calculations from USSG § 2G1.3 are as follows:

| | |
|---|---|
| Base offense level: | 28 |
| Use of a computer: | +2 |
| Minor Under 12: | +8 |
| Acceptance of Responsibility | -3 |
| Total | 35 |

Depriest has no criminal history, yielding a criminal history category of I and a guidelines range of 168-210 months. Pursuant to the terms of the Rule 11 plea agreement in this case, the sentence may not exceed the top of this range, 210 months. The government believes a sentence at the low end of this guidelines range is sufficient, but not greater than necessary, to meet the factors set forth in section 3553(a).

### E.     The Need to Avoid Unwarranted Sentencing Disparities

Congress also instructed sentencing courts to avoid unwarranted sentencing disparities. Sentencing Depriest at or near the mandatory minimum term of imprisonment would create unwarranted sentencing disparities because Depriest

preyed on many children as opposed to just one or two, and he preyed on boys of a particularly vulnerable age.

## IV. Conclusion

The government recommends a sentence of 168 months in prison.

Dated: May 13, 2021

Respectfully Submitted,

SAIMA S. MOHSIN
Acting United States Attorney

s/ *Lisandra Fernandez-Silber*
Lisandra Fernandez-Silber
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9122
Lisandra.Fernandez-Silber@usdoj.gov

## Certificate of Service

I hereby certify that on May 13, 2021, I electronically filed the Sentencing Memorandum for the United States with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to all counsel of record via electronic mail.

s/ *Lisandra Fernandez-Silber*
Lisandra Fernandez-Silber
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9122
Lisandra.Fernandez-Silber@usdoj.gov
